UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANKLIN SMITH                                                                CIVIL ACTION

VERSUS                                                                              NO. 19-325

S.W. McCAIN, WARDEN                                                    SECTION: "H"(1)

REPORT AND RECOMMENDATION

Petitioner, Franklin Smith, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE**.

On March 26, 2015, petitioner pleaded guilty to armed robbery and was sentenced to a term of ten years imprisonment,[1] the minimum sentence for that offense under Louisiana law. See La. Rev. Stat. Ann. § 14:64(B).

On or about April 14, 2015, petitioner filed a motion to reconsider sentence with the state district court.[2] The state court record contains no ruling concerning that motion, and it is apparently still pending in the state district court.[3]

On or about November 28, 2016, petitioner then filed a motion to amend or modify sentence with the state district court.[4] That motion was denied on June 27, 2017.[5]

---

[1] State Rec., Vol. 1 of 2, minute entry dated March 26, 2015; State Rec., Vol. 1 of 2, guilty plea form.
[2] See State Rec., Vol. 1 of 2, Docket Master entry dated April 14, 2015.
[3] See Rec. Doc. 10, pp. 2 and 4.
[4] State Rec., Vol. 1 of 2.
[5] State Rec., Vol. 1 of 2, Docket Master entry dated June 27, 2017.

In the interim, petitioner had also filed an application for post-conviction application relief with the state district court on or about April 19, 2017.[6] On May 25, 2017, the district court denied relief.[7] Petitioner's related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on September 21, 2017,[8] and by the Louisiana Supreme Court on December 17, 2018.[9]

On or about August 3, 2018, petitioner filed another motion to reconsider sentence with the state district court.[10] That motion was denied on August 23, 2018.[11]

On January 11, 2019, petitioner filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[12] The state has filed a response.[13] In that response, the state does not challenge the application's timeliness[14] but argues that petitioner is not entitled to relief.[15] The state is correct for the following reasons.

In his federal application, petitioner presents three claims. First, he claims that the inculpatory statements he made during his police interrogation should have been suppressed because they were unknowing, involuntary, and "obtained without the benefit of an attorney or an interested adult who had been advised of defendant's rights." Second, he claims that the prosecution engaged in misconduct by withholding exculpatory evidence and intentionally failing

---

[6] State Rec., Vol. 2 of 2, Memorandum in Support of Application for Post Conviction Relief; State Rec., Vol. 1 of 2, minute entry dated May 31, 2017 (noting that the memorandum was postmarked on April 19, 2017).
[7] State Rec., Vol. 1 of 2, Judgment dated May 25, 2017.
[8] State v. Smith, No. 2017-K-0733 (La. App. 4th Cir. Sept. 21, 2017); State Rec., Vol. 2 of 2.
[9] State ex rel. Smith v. State, 258 So. 3d 587 (La. 2018); State Rec., Vol. 2 of 2.
[10] State Rec., Vol. 1 of 2.
[11] See State Rec., Vol. 1 of 2, Letter to petitioner from Orleans Parish Criminal District Court dated August 23, 2018; State Rec., Vol. 1 of 2, minute entry dated August 24, 2018.
[12] Rec. Doc. 3.
[13] Rec. Doc. 10.
[14] Id. at p. 4.
[15] Id. at pp. 4-12.

to correct a witness's material misrepresentation.  Third, he claims that his counsel was ineffective for advising him to plead guilty without first adequately investigating the case.[16]

The problem, however, is that petitioner did in fact plead guilty.  One consequence of a knowing and voluntary guilty plea is that it severely restricts a prisoner's ability to secure post-conviction relief, because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).  That general rule "includes all claims of ineffective assistance of counsel, *except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (citations omitted).

Here, the record reflects that petitioner's guilty plea was knowing and voluntary.  For example, the minute entry regarding the plea states:

> THIS COURT PERSONALLY INTERROGATED THE DEFENDANT AS TO HIS RIGHTS TO HAVE A TRIAL BY JUDGE OR JURY AND HIS RIGHT TO APPEAL IF CONVICTED; HIS RIGHT TO FACE HIS ACCUSERS, CROSS EXAMINE THE WITNESSES AGAINST HIM AND ENTER EVIDENCE IN HIS OWN BEHALF; HIS RIGHT TO REMAIN SILENT AT HIS TRIAL WHICH COULD NOT BE HELD AGAINST HIM, OR TO TESTIFY IN HIS OWN BEHALF, AND HIS RIGHT AGAINST SELF-INCRIMINATION, RIGHT TO COMPULSORY PROCESS AND TO SUBPOENA WITNESSES ON HIS OWN BEHALF.  THE DEFENDANT ACKNOWLEDGED THAT HE UNDERSTOOD THOSE RIGHTS AND THAT BY PLEADING GUILTY, HE WAS GIVING UP THOSE RIGHTS.  THE COURT THEN FOUND THAT THE DEFENDANT FREELY AND VOLUNTARILY WAIVED HIS RIGHTS BY LAW AND THAT

---

[16] Rec. Doc. 3-1, p. 11.

THERE WAS A SUBSTANTIAL FACTUAL BASIS TO ENTERTAIN THE PLEA OF GUILTY.[17]

In addition, petitioner also signed a Waiver of Constitutional Rights – Plea of Guilty Form which likewise contained a detailed recitation of his rights, an acknowledgment that he was waiving those rights, and a statement that he had "not in any way been forced, coerced, of threatened" to enter his guilty plea.[18]  Because petitioner has presented no contrary evidence whatsoever, there is no basis for this Court to conclude that his guilty plea was unknowing or involuntary.

Therefore, petitioner's knowing and voluntary guilty plea precludes his first claim challenging the voluntariness of his statements made to the police during the investigation. Rogers v. Maggio, 714 F.2d 35, 38 (5th Cir. 1983) ("By pleading guilty, appellant waived any direct challenge to the voluntariness of his confession as an allegation of a non-jurisdictional defect."); Benoit v. Cain, Civ. Action No. 6:07-0039, 2009 WL 4572903, at *19 (W.D. La. Dec. 4, 2009) ("Petitioner's voluntary guilty plea waived all non-jurisdictional defects in the proceedings leading up to the plea, including petitioner's challenge to the constitutionality of his confession and statements made to the police.").[19]

---

[17] State Rec., Vol. 1 of 2, minute entry dated March 26, 2015.
[18] State Rec., Vol. 1 of 2, guilty plea form.
[19] In a case involving a petitioner's attempt to challenge the voluntariness of his confession after a guilty plea, the United States Supreme Court observed:

> Since we are dealing with a defendant who deems his confession crucial to the State's case against him and who would go to trial if he thought his chances of acquittal were good, his decision to plead guilty or not turns on whether he thinks the law will allow his confession to be used against him.  For the defendant who considers his confession involuntary and hence unusable against him at a trial, tendering a plea of guilty would seem a most improbable alternative.  The sensible course would be to contest his guilt, prevail on his confession claim at trial, on appeal, or, if necessary, in a collateral proceeding, and win acquittal, however guilty he might be. … If he nevertheless pleads guilty the plea can hardly be blamed on the confession which in his view was inadmissible evidence and no proper part of the State's case.  Since by hypothesis the evidence aside from the confession is weak and the defendant has no reasons of his own to plead, a guilty plea in such circumstances is nothing less than a refusal to present his federal claims to the state court in the first instance – a choice by the defendant to take the benefits, if any, of a plea of guilty

The guilty plea likewise precludes petitioner's second claim that the state withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. See, e.g., United States v. Conroy, 567 F.3d 174, 178 (5th Cir. 2009) (holding that a claim that a guilty plea was involuntary because the government withheld allegedly exculpatory evidence in violation of Brady was "foreclosed by our precedent holding that a guilty plea precludes the defendant from asserting a Brady violation"); accord Orman v. Cain, 228 F.3d 616, 620-21 (5th Cir. 2000).

In addition, petitioner's guilty plea similarly waived his claim that the prosecution intentionally failed to correct a witness's false statement. See, e.g., United States v. Davis, 608 F.2d 555, 557 (5th Cir. 1979) ("Defendant Davis' argument that the Government permitted perjured testimony because two Government witnesses contradicted each other is foreclosed from consideration on appeal because his knowing guilty plea waived all nonjurisdictional defects. Perjury is not a jurisdictional defect." (citations omitted)); United States v. Watson, Crim. Action No. 86-74, 1988 WL 101634, at *6 (E.D. La. Sept. 28, 1988) ("[A] guilty plea voluntarily and intelligently entered into in open court constitutes a waiver of all non-jurisdictional defects.

---

and then to pursue his coerced-confession claim in collateral proceedings. Surely later allegations that the confession rendered his plea involuntary would appear incredible, and whether his plain bypass of state remedies was an intelligent act depends on whether he was so incompetently advised by counsel concerning the forum in which he should first present his federal claim that the Constitution will afford him another chance to plead.

   A more credible explanation for a plea of guilty by a defendant who would go to trial except for his prior confession is his prediction that the law will permit his admissions to be used against him by the trier of fact. At least the probability of the State's being permitted to use the confession as evidence is sufficient to convince him that the State's case is too strong to contest and that a plea of guilty is the most advantageous course. *Nothing in this train of events suggests that the defendant's plea, as distinguished from his confession, is an involuntary act.* His later petition for collateral relief asserting that a coerced confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised, either under the then applicable law or under the law later announced, his plea was an unintelligent and voidable act. The Constitution, however, does not render pleas of guilty so vulnerable.

McMann v. Richardson, 397 U.S. 759, 768-69 (1970) (emphasis added).

Watson's contentions that the government allegedly used perjured testimony against him, withheld exculpatory evidence, prepared the indictment secretly and that he was harassed at the time of his arrest and during the investigation are waived by the offer and acceptance of his guilty plea." (citation omitted)).

Lastly, petitioner's third and final claim is that his counsel was ineffective for advising him to plead guilty without first adequately investigating the case. As already noted, a guilty plea waives only some, *but not all*, ineffective assistance of counsel claims. Again, specifically, a guilty plea waives "all claims of ineffective assistance of counsel, *except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).

However, as already explained herein, petitioner has not presented any evidence that would support a finding by this Court that his guilty plea was involuntary. As a result, his guilty plea also precludes his claim that his counsel was ineffective for failing to conduct an adequate investigation. See, e.g., id. ("[B]ecause we have already held Smith's plea to be voluntary, it follows that his claims of ineffectiveness unrelated to the guilty plea are waived – *e.g.*, [defense counsel]'s alleged failure to review the prosecutor's file to verify laboratory test results that the substances Smith delivered were in fact heroin and cocaine; [defense counsel]'s alleged failure to investigate witnesses and the legality of Smith's arrest; or any other alleged failure of [defense counsel] to find 'holes' in the government's case against Smith."); Sellers v. Warden, Richwood Correctional Center, Civ. Action No. 6:12-cv-01801, 2013 WL 4814074, at *12 (W.D. La. Sept. 9, 2013) ("Sellers complains that his counsel failed to investigate the alleged crime, failed to interview witnesses, and failed to communicate with Sellers. These claims are not related to the

6

voluntariness of his guilty plea. Having found that his guilty plea was voluntary, this Court is constrained to find that these claims of ineffective counsel cannot be considered. A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant, including all claims of ineffective assistance of counsel, except those asserting that the alleged ineffectiveness relates to the voluntariness of the plea.").

For all of these reasons, petitioner has failed to meet his burden to establish that he is entitled to relief pursuant to 28 U.S.C. § 2254.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Franklin Smith be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __24th__ day of May, 2019.

                                                                   **JANIS VAN MEERVELD**
                                                                   **UNITED STATES MAGISTRATE JUDGE**